UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:08-CR-535-1 |
| | § | |
| SABINO CASTORENA | § | |

## ORDER

Sabino Castorena filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the sentencing guidelines. D.E. 94. Although Amendment 782 permits a sentence reduction, the Court denies the motion for the reasons stated below.

Castorena was sentenced to 188 months in the Bureau of Prisons in 2008 based upon his guilty plea to conspiracy to possess with intent to distribute 13.17 kilograms of cocaine. D.E. 94. His base offense level was calculated based upon 13.17 kilograms of cocaine which resulted in a level 32.[1] Amendment 782 revised the Drug Quantity Tables and made the change retroactive effective November 1, 2014. The new Drug Quantity Tables assigns level 30 to 13.17 kilograms of cocaine.

"A defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may apply for a reduction in his sentence if the amendment applies retroactively. 18 U.S.C. §3582(c)(2); *see also Freeman v. United States*, 131 S.Ct. 2685, 2690-91 (2011) (reciting standard for sentence modifications); *Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Using all of the adjustments to Castorena's offense level applied originally, his final offense level is 29,[2] his

---

[1] D.E. 38, ¶ 19.
[2] Determination of Reduction in Term of Imprisonment.—

criminal history category is VI. The resulting new guideline range is 151 to 188 months imprisonment.

When an amendment is retroactive, the decision whether to reduce a sentence is left to the sound discretion of the trial court. *United States. v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997); *accord United States v. Brooks*, 396 Fed. App'x. 103, 105 (5th Cir. Sept. 24, 2010) (per curiam) (designated unpublished). A district court is required to consider the 18 U.S.C. § 3553(a) factors as well as the policy as stated in U.S.S.G. § 1B1.10(b). 18 U.S.C. § 3582(c)(2).

Although a § 3582(c)(2) proceeding does not constitute a "full resentencing, the Court may consider a defendant's post-sentencing conduct. U.S.S.G. § 1B1.10(a)(3); application notes 1(B)(3). While in prison, Castorena has participated in education designed to improve his ability to manage himself, his finance, and to improve his opportunities for employment. He provided letters from his former employer and family who pledge to be supportive of Castorena upon his release. D.E. 94-1.

The Court is also required to consider the "nature and seriousness of the danger to any person and the community that may be posed by a reduction in the defendant's term of imprisonment . . . ." U.S.S.G. § 1B1.10; application notes 1(B)(2). Castorena was an organizer/leader of the particular conspiracy which involved a recruited co-defendant, the

---

(1) In General.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

*Id*.

purchase of a vehicle, and registering and insuring it in his co-defendant's name. Castorena's category VI criminal history included convictions for drug trafficking, unlawful carrying of a weapon, attempted burglary of a habitation, burglary of a building, burglary of a coin-operated machine, evading arrest, unlawful entry into a vehicle, and multiple convictions for possession of a controlled substance. D.E. 38, ¶¶ 19, 22, 30-41. Castorena was on probation at the time of his arrest in this case. Castorena's present sentence is within the newly calculated guideline range.

After considering all the § 3553(a) factors, the Court denies Castorena's motion to reduce his sentence (D.E. 94) based on the further need to protect the community

SIGNED and ORDERED this 21st day of August, 2015.

_____
Janis Graham Jack
Senior United States District Judge